UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID FLINN, )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Plaintiff, ) Case No.: 2:20-cv-02215-JAR-KGG
　　　　　　　　　　　　　　　　　　　　　　)
v. )
　　　　　　　　　　　　　　　　　　　　　　)
C PEPPER LOGISTICS LLC, et al., )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　Defendants. )

**DEFENDANT C PEPPER LOGISTICS LLC'S ANSWER**

COME NOW Defendant, C Pepper Logistics LLC ("Defendant"), by and through its undersigned counsel, and for its Answer to Plaintiff's Second Amended Class Action Complaint (the "Complaint"), states as follows:

**PARTIES**

1. Defendant is without sufficient information to admit or deny the allegations of paragraph 1 and thus denies same.

2. Defendant admits the allegations of paragraph 2.

3. The allegations of paragraph 3 are denied.

4. Defendant admits that it is registered to do business in Kansas. Except as expressly admitted, the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 are admitted.

6. Defendant is without sufficient information to admit or deny the allegations of paragraph 6 and thus denies same.

7. Defendant is without sufficient information to admit or deny the allegations of paragraph 7 and thus denies same.

8. Defendant is without sufficient information to admit or deny the allegations of paragraph 8 and thus denies same.

9. Defendant is without sufficient information to admit or deny the allegations of paragraph 9 and thus denies same.

10. Defendant admits James Pepper is an owner of C Pepper. Except as expressly admitted, the allegations of paragraph 10 are denied.

11. Defendant is without sufficient information to admit or deny the allegations of paragraph 11 and therefore denies same.

## JURISDICTION AND VENUE

12. Defendant is without sufficient information to admit or deny the allegations of paragraph 12 and therefore denies same.

13. Paragraph 13 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 13 are denied.

14. Paragraph 14 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 14 are denied.

15. Paragraph 15 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 15 are denied.

16. Paragraph 16 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 16 are denied.

17. Paragraph 17 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 17 are denied.

## GENERAL ALLEGATIONS

18. Defendant is without sufficient information to admit or deny the allegations of paragraph 18 and therefore denies same.

19. Defendant admits it is a DOT registered motor carrier. Except as expressly admitted, the allegations of paragraph 19 are denied.

20. Defendant is without sufficient information to admit or deny the allegations of paragraph 20 and therefore denies same.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant is without sufficient information to admit or deny the allegations of paragraph 23 and therefore denies same.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29.

30. Defendant is without sufficient information to admit or deny the allegations of paragraph 30 and therefore denies same.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

35. Defendant denies the allegations of paragraph 35.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

40. Defendant denies the allegations of paragraph 40.

41. Defendant denies the allegations of paragraph 41.

42. Defendant denies the allegations of paragraph 42.

43. Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations of paragraph 44.

45. Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations of paragraph 46.

47. Defendant denies the allegations of paragraph 47.

48. Defendant is without sufficient information to admit or deny the allegations of paragraph 48 and therefore denies same.

49. Defendant is without sufficient information to admit or deny the allegations of paragraph 49 and therefore denies same.

50. Defendant is without sufficient information to admit or deny the allegations of paragraph 50 and therefore denies same.

51. Defendant is without sufficient information to admit or deny the allegations of paragraph 51 and therefore denies same.

52. Defendant denies the allegations of paragraph 52.

53. Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations of paragraph 53 and therefore denies same.

54. Defendant denies the allegations of paragraph 54.

55. Defendant denies the allegations of paragraph 55.

56. Defendant denies the allegations of paragraph 56.

57. Defendant denies the allegations of paragraph 57.

58. Defendant denies the allegations of paragraph 58.

59. Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations of paragraph 59 and therefore denies same.

60. Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations of paragraph 60 and therefore denies same.

61. Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations of paragraph 61 and therefore denies same.

62. Defendant denies the allegations of paragraph 62.

63. Defendant denies the allegations of paragraph 63.

64. Defendant denies the allegations of paragraph 64.

65. Defendant denies the allegations of paragraph 65.

66. Defendant denies the allegations of paragraph 66.

67. Defendant denies the allegations of paragraph 67.

68. Defendant denies the allegations of paragraph 68.

69. Defendant denies the allegations of paragraph 69.

70. Defendant denies the allegations of paragraph 70.

71. Defendant denies the allegations of paragraph 71.

72. Defendant denies the allegations of paragraph 72.

73. Defendant denies the allegations of paragraph 73.

74. Defendant denies that it misclassified drivers or engaged in a "payroll scheme." Defendant is without sufficient knowledge, information, or belief to admit or deny the remaining allegations of paragraph 74 and therefore denies same

75. Defendant is without sufficient knowledge, information, or belief to admit or deny the allegations of paragraph 75 and therefore denies same.

76. Defendant restates and incorporates by reference, as if fully set forth herein, its answers to each and every allegation in the Complaint.

77. Paragraph 77 does not set forth a statement of fact and therefore does not require a response. To the extent a response is required, the allegations of Paragraph 77 are denied. Defendant expressly denies that this action is suitable for class certification.

78. Paragraph 78 does not set forth a statement of fact and therefore does not require a response. To the extent a response is required, the allegations of Paragraph 78 are denied. Defendant expressly denies that this action is suitable for class certification.

79. Defendant denies the allegations of paragraph 79.

80. Defendant is without sufficient information to admit or deny the allegations of paragraph 80 and therefore denies same.

81. Defendant denies the allegations of paragraph 81.

82. Defendant denies the allegations of paragraph 82.

83. Defendant denies the allegations of paragraph 83.

84. Defendant denies the allegations of paragraph 84.

85. Defendant denies the allegations of paragraph 85.

86. Defendant denies the allegations of paragraph 86.

## Causes of Action and Claims for Relief

## Count I

COMES NOW, Defendant, by and through undersigned counsel and for its Answer to Count I of Plaintiff's Second Amended Class Action Complaint, does hereby state:

87. Defendant restates and incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in the Second Amended Complaint.

88. Paragraph 88 does not set forth a statement of fact and therefore does not require a response.  To the extent a response is required, the allegations of Paragraph 88 are denied.

89. Defendant denies the allegations of paragraph 89.

90. Defendant denies the allegations of paragraph 90.

91. Defendant denies the allegations of paragraph 91.

92. Defendant denies the allegations of paragraph 92.

93. Defendant denies the allegations of paragraph 93.

94. Defendant denies the allegations of paragraph 94.

95. Defendant denies the allegations of paragraph 95.

96. Defendant denies the allegations of paragraph 96.

WHEREFORE, having fully answered Count I of Plaintiff's Second Amended Class Action Complaint, Defendant prays that this court dismiss Count I and enter judgment in Defendant's favor, that Defendant go hence with its costs and attorneys' fees incurred herein, and for such other and further relief as this Court deems just and proper.

**Count II – Violation of State Common Law and Wage Laws**

COMES NOW, Defendant, by and through undersigned counsel and for its Answer to Count II of Plaintiff's Second Amended Class Action Complaint, does hereby state:

97. Defendant restates and incorporates by reference, as if fully set forth herein, its answers to each and every allegation set forth in the Complaint.

98. Paragraph 98 does not set forth a statement of fact and therefore does not require a response. To the extent a response is required, the allegations of Paragraph 98 are denied.

99. Paragraph 99 states a legal conclusion and therefore requires no response of Defendant. To the extent a response is required, the allegations of paragraph 99 are denied.

100. Defendant denies the allegations of paragraph 100.

101. Paragraph 101 does not set forth a statement of fact to which is response is required. To the extent the Court determines that a response is required, the allegations of paragraph 101 are denied.

102. Paragraph 102 does not set forth a statement of fact to which is response is required. To the extent the Court determines that a response is required, the allegations of paragraph 102 are denied.

WHEREFORE, having fully answered Count II of Plaintiff's Second Amended Class Action Complaint, Defendant prays that this court dismiss Count II and enter judgment in Defendant's favor, that Defendant go hence with its costs and attorneys' fees incurred herein, and for such other and further relief as this Court deems just and proper.

AFFIRMATIVE DEFENSES

1. As and for its first affirmative defense, Defendant states that Plaintiff Flinn is estopped from disputing his independent contractor status.

2. As and for its second affirmative defense, Defendant states that it relied in good faith upon legal advice rendered to it by legal counsel to whom full disclosure of material facts had been made.

3. As and for its third affirmative defense, Defendant states that the Second Amended Complaint fails to state a claim upon which relief can be granted.

4. As and for its fourth affirmative defense, Defendant states that some or all of Plaintiff's claims are barred by the doctrine of payment.

5. As and for its fifth affirmative defense, Defendant states that some or all of Plaintiff's claims are barred by the statute of limitations.

6. As and for its sixth affirmative defense, Defendant states that some or all of Plaintiff's claims are subject to setoff or restitution.

7. As and for its seventh affirmative defense, Defendant states that to the extent Plaintiff seeks to assert a class action, the court lacks personal jurisdiction over Defendant with respect to some or all putative class members, pursuant to *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773 (2017)

8. As and for its eighth affirmative defense, Defendant states that Plaintiff's claims are barred to the extent pre-empted by federal law.

        Respectfully submitted,
        HEIN SCHNEIDER & BOND P.C.

        */s/ Jill R. Rembusch*
        Jill R. Rembusch   #78897
        2244 S. Brentwood Boulevard
        St. Louis, Missouri 63144
        (314) 863-9100
        (314) 863-9101 (Fax)
        jrr@hsbattorneys.com
        *Attorneys for Defendant C Pepper Logistics*

CERTIFICATE OF ORIGINAL SIGNATURE AND SERVICE

       I hereby certify that the original of the above and foregoing was signed by Jill R. Rembusch and shall be maintained in the client file pursuant to D. Kan. Rule 5.4.8.  I further certify that on February 16, 2021, I electronically filed the foregoing document with the Clerk of the Court and that the foregoing document is being served this day on all counsel of record or pro se parties identified either via transmission of Notices of Electronic Filing or in some other authorized manner for those counsel or parties who are not authorized to receive electronically filed Notices of Electronic Filing.

                                  */s/ Wendy Krome*